UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SILVEY, | ) | Case No. 3:09CV2722 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| JESSE WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

Petitioner Ronald Silvey ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Lucas County, Ohio Court of Common Pleas conviction for two counts of rape and two counts of unlawful sexual conduct with a minor. ECF Dkt. #1. On April 12, 2010, Respondent Jesse Williams ("Respondent") filed a return of writ. ECF Dkt. #6. On May 17, 2010, Petitioner filed a traverse. ECF Dkt. #8.

The case was referred to the undersigned for a Report and Recommendation. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I.    SYNOPSIS OF THE FACTS

The Ohio Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Ohio Court of Appeals, the facts are:

{¶ 2} On October 7, 2004, appellant was indicted and charged with two counts of rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony, and two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), a

third degree felony. The offenses occurred between September 2003 and June 2004.

{¶ 3} At trial, the state called C.H., the alleged victim to testify. At the time of trial, she was 14 years old, but at the time of the alleged offenses in September 2003 through June 2004, she was 12 and 13 years old. Appellant was C.H's mother's live-in boyfriend. C.H. testified that appellant was like a father to her and that, other than the times of the offenses, she enjoyed spending time with him.

{¶ 4} C.H. testified that the first incident occurred when she was lying fully clothed in her mother's bed next to appellant. Appellant "rubbed on" C.H.'s vagina and breasts. A few days later, while C.H. was in her sister's bedroom, appellant came in and told C.H. to take off her pants. Appellant then had vaginal sexual intercourse with C.H. for the first time. C.H. testified that "it hurt" and that appellant told her to keep it a secret.

{¶ 5} C.H. testified that appellant engaged in vaginal sexual intercourse with her on more than five additional occasions. She also testified that appellant put his penis in her mouth on two occasions.

{¶ 6} The first person C.H. told about these incidents was an acquaintance, S.P., who happened to be the daughter of one of appellant's ex-girlfriends. C.H. also testified that S.P.'s mother told C.H.'s mother about C.H.'s allegations. Shortly thereafter, C.H.'s mother first questioned C.H. about the allegations in the presence of appellant. Fearing appellant because he was "yelling at" her, at that time C.H. denied that the incidents took place.

{¶ 7} The final incident took place on C.H.'s last day of school in June. Appellant picked up C.H. at a friend's house to take her home. C.H. recalled that appellant was driving his blue van. C.H. testified that while appellant was driving he told C.H. to pull down her pants. Appellant put his finger in her vagina.

{¶ 8} C.H. testified that after this last incident, she told her best friend, C.K., and her friend's mother, Janice K., about the incidents. C.H. testified that Janice K. advised her to tell her grandmother. Janice K. also listened in on a phone call that C.H. made to appellant. C.H. testified that during this phone call, appellant said that if C.H. told anyone about their sexual relationship, that he would just tell them C.H. was lying. He also reminded C.H. that it was supposed to be a secret.

{¶ 9} Following Janice K.'s advice, C.H. told her grandmother about the incidents. In turn, the grandmother told C.H.'s mother.

{¶ 10} The state's second witness was Janice K. Corroborating C.H's testimony, Janice K. testified that the victim told her that she had a sexual relationship with appellant. Janice K. also testified regarding the conversation between C.H. and appellant that she heard on a very loud cordless phone. Janice K. testified that during that conversation, she heard appellant say to C.H. that since she had made the allegations before and recanted, nobody was going to believe C.H. Janice K. further testified that appellant also stated to C.H. that the sexual relationship was their secret and C.H. was not supposed to tell anyone.

{¶ 11} Janice K. testified that she lived just two houses away from C.H. and her mother and that she would often see C.H. with appellant. Janice K. testified that she observed appellant chase, grab, and hug C.H. At one point, Janice K. testified that in her opinion, appellant looked at C.H. "like a hungry man looking at a pork chop rather than a man looking at a child." The trial court sustained defense counsel's objection to this comment. On cross-examination, Janice K. admitted that despite her feelings

that appellant's relationship with C.H. was not appropriate, she had allowed her own minor daughter, C.K., to spend the night at C.H.'s house once or twice while appellant was in the home.

{¶ 12} Next, the state called Cassandra V., C.H's mother. She testified that C.H. has attention deficit hyperactivity disorder for which C.H. has taken medication and has seen a counselor. Cassandra V. also admitted that C.H. had lied in the past about things unrelated to these incidents. However, by the time allegations of the incidents between appellant and C.H. were raised again by C.H.'s grandmother, Cassandra V. believed C.H.'s allegations and made a gynecological appointment for C.H.

{¶ 13} The certified nurse midwife who examined C.H. in June 2004, testified that C.H's hymen was not intact. However, on cross-examination, the nurse admitted that a hymen can be in that condition from causes other than sexual intercourse.

{¶ 14} The state concluded its case and at appellant's counsel's request, a bench discussion was held regarding the proposed testimony of Jodie H., a friend of appellant. Appellant's counsel proposed that Jodie H. was to testify both as an alibi witness and a rebuttal witness with regard to the June 2004 incident C.H. claimed occurred in appellant's van. Explaining the untimeliness of the notice of the alibi witness, appellant's counsel informed the trial court that Jodie H. had come forward with this information just two days before trial. The state argued that the untimely notice was "unduly prejudicial" to its case and requested exclusion of any testimony from the witness. The trial court ruled that the rebuttal testimony (that the van was inoperable on the day in question), but not the alibi testimony (that appellant was with Jodie H. on the day in question) would be allowed.

{¶ 15} While on the stand, Jodie H. testified that her recollection was that appellant's van was not operable on the date in June 2004, that C.H. claims she was assaulted while appellant was driving it.

{¶ 16} Appellant also called his friend, Brent P. to testify. Brent P. testified that he is currently incarcerated for receiving stolen property. He testified that in the past, he had worked on appellant's blue van. He testified that the van ceased to be operable by May 2004. Brent P. also testified that he was part of a conversation with Cassandra V. and C.H. after appellant's arrest. During that conversation about the events leading up to appellant's arrest, Brent P. testified that Cassandra V. had to keep reminding C.H. about the dates and details surrounding C.H.'s disclosures.

{¶ 17} After closing arguments and jury deliberation, the jury returned guilty verdicts on all counts.

{¶ 18} At the sentencing hearing, the trial court ordered that appellant serve eight years as to the two counts of rape, and four years as to the two counts of unlawful sexual conduct with a minor. These sentences were ordered to be served consecutively for a total of 24 years of incarceration.

*State v. Silvey*, 2007 WL 1518634 at ¶¶ 2-18 (Ohio App. 6 Dist. May 25, 2007),  unreported; ECF

Dkt. #6, Ex. 13.

## II.    PROCEDURAL HISTORY

### A.    State Trial Court

On October 7, 2004, the Lucas County, Ohio prosecuting attorney filed an indictment charging Petitioner with: (Counts One and Two) two counts of Rape, in violation of O.R.C. § 2907.02(A)(1)(b); and (Counts Three and Four) two counts of Unlawful Sexual Conduct with a Minor, in violation of O.R.C. §§ 2907.04(A), (B)(3).   ECF Dkt. #6, Ex. 1.

Petitioner's case proceeded to a jury trial, and the jury found him guilty on all four counts of the indictment.  ECF Dkt. #6, Ex. 3-6.  On July 28, 2005, the trial court journalized a judgment entry sentencing Petitioner to an aggregate term of 24 years of imprisonment.  ECF Dkt. #6, Ex. 7.

### B.    Direct Appeal

On August 3, 2005, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the Sixth District.  ECF Dkt. #6, Ex. 8.  On August 19, 2005, Petitioner filed a motion for leave to amend his notice of appeal in order to attach the trial court's judgment entry.  ECF Dkt. #6, Ex. 9. On July 11, 2006, Petitioner filed a brief on the merits, raising the following assignments of error:

I.    The convictions were against the manifest weight of the evidence, due to the lack of credible witnesses who were not corroborated.

II.    The trial court erred on a number of evidentiary rulings, including the exclusion of alibi evidence.  The trial court abused its discretion in making these rulings, which were highly prejudicial to Silvey and impacted his ability to have a fair trial.

III.    Silvey's sentence, which involved sentences that were not the shortest available, and imposed consecutively to each other, was unconstitutionally imposed.

ECF Dkt. #6, Ex. 11. On December 7, 2006, the state filed a brief in response.  ECF Dkt. #6, Ex. 12. On May 25, 2007, the appellate court affirmed the trial court's judgment of conviction, but reversed and remanded his case for resentencing based upon *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). ECF Dkt. #6, Ex. 13.

### C.    Supreme Court of Ohio

On June 26, 2007, Petitioner filed a notice of appeal and a brief in support of jurisdiction in the Supreme Court of Ohio, raising the following propositions of law:

-4-

Proposition of Law No. I

> THE APPELLANT'S GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT O F THE EVIDENCE AND THE SUFFICIENCY OF THE EVIDENCE PRESENTED AT TRIAL.

Proposition of Law No. II

> THE TRIAL COURT ERRED IN VARIOUS EVIDENTIARY RULINGS BY ALLOWING EVIDENCE THAT WAS EITHER INADMISSIBLE OR PREJUDICIAL TO BE ADMITTED WHICH UNFAIRLY IMPACTED THE APPELLANT'S RIGHTS TO A FAIR TRIAL.

ECF Dkt. #6, Ex. 14, 15.  On July 5, 2007, the state filed a brief in response.  ECF Dkt. #6, Ex. 16. On October 22, 2007, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question.  ECF Dkt. #6, Ex. 17.

### D.      Resentencing

While Petitioner pursued the remaining balance of his appeal before the Supreme Court of Ohio, he also filed a "Sentencing Memorandum in Support of Minimum and Concurrent Terms Notwithstanding *Foster*'s Impermissible Severence [sic] Remedy."  ECF Dkt. #6, Ex. 18.  On September 6, 2007, the trial court resentenced Petitioner, imposing a sentence of 8 years for Count One, 8 years for Count Two, 4 years for Count Three and 4 years for Count Four.  ECF Dkt. #6, Ex. 19.On September 17, 2007, Petitioner filed a notice of appeal from the trial court's sentencing entry. ECF Dkt. #6, Ex. 20.  On April 27, 2008, Petitioner filed a brief on the merits, raising the following assignment of error:

> The trial court violated Silvey's constitutional rights by imposing a sentence for the rape that was not the shortest authorized, and by imposing consecutive sentences.

ECF Dkt. #6, Ex. 21.  On October 22, 2008, the state filed a response brief.  ECF Dkt. #6, Ex. 22. On March 31, 2008, the Sixth District Court of appeals affirmed Petitioner's sentence.  ECF Dkt. #6, Ex. 23.

On June 10, 2009, Petitioner filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #6, Ex. 24.  He also filed a motion for delayed appeal.  ECF Dkt. #6, Ex. 25.  On August 14, 2009, the Supreme Court of Ohio denied Petitioner's motion and dismissed his appeal.  ECF Dkt. #6, Ex. 26.

**E.    Application to Reopen Appeal**

On August 22, 2007, Petitioner filed an application to reopen his direct appeal due to ineffective assistance of appellate counsel.  ECF Dkt. #6, Ex. 27.  Petitioner raised the following assignment of error:

> THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN 1) APPELLATE COUNSEL FAILED TO OBTAIN A COPY OF THE TRIAL TRANSCRIPT ON APPELLANT'S BEHALF DURING THE COURSE OF HIS DIRECT APPEAL, 2) FAILED TO RAISE THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR A) FAILING TO HAVE THE TRIAL TRANSCRIPT ESTABLISH THAT THE PROSECUTOR WAS POINTING AT THE APPELLANT WHEN HE STATED TWICE THAT NO ONE HAD TAKEN THE STAND TO DENY WHAT THE ALLEGED VICTIM CLAIMED, B) TRIAL COUNSEL NEVER OBJECTED TO THE TESTIMONY OF A LAYPERSON WHICH FORMED OPINIONS WELL BEYOND HER EDUCATION AND TRAINING, C) TRIAL COUNSEL NEVER ASKED FOR THE APPOINTMENT OF AN EXPERT WITNESS, AND D) TRIAL COUNSEL FAILED TO FILE A NOTICE OF ALIBI THEREBY CAUSING THE TRIAL COURT TO EXCLUDE THE ALIBI WITNESSES TESTIMONY THAT CLEARLY ESTABLISHED THAT THE ALLEGED VICTIM WAS LYING.

ECF Dkt. #6, Ex. 27.  On August 23, 2007, the state filed a brief in opposition.  ECF Dkt. #6, Ex. 28.  On September 14, 2007, the Sixth District Court of Appeals denied Petitioner's application. ECF Dkt. #6, Ex. 29.

On October 23, 2007, Petitioner filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #6, Ex. 7.  He also filed a memorandum in support of jurisdiction, raising the following proposition of law:

> APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN 1) APPELLATE COUNSEL FAILED TO OBTAIN A COPY OF THE TRIAL TRANSCRIPT ON APPELLANT'S BEHALF DURING THE COURSE OF HIS DIRECT APPEAL, 2) FAILED TO RAISE THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR A) FAILING TO HAVE THE TRIAL TRANSCRIPT ESTABLISH THAT THE PROSECUTOR WAS POINTING AT THE APPELLANT WHEN HE STATED TWICE THAT NO ONE HAD TAKEN THE STAND TO DENY WHAT THE ALLEGED VICTIM CLAIMED, B) TRIAL COUNSEL NEVER OBJECTED TO THE TESTIMONY OF A LAYPERSON WHICH FORMED OPINIONS WELL BEYOND HER EDUCATION AND TRAINING, C) TRIAL COUNSEL NEVER ASKED FOR THE APPOINTMENT OF AN EXPERT WITNESS, AND D) TRIAL COUNSEL FAILED TO FILE A NOTICE OF ALIBI THEREBY CAUSING THE TRIAL COURT TO EXCLUDE THE ALIBI WITNESSES TESTIMONY THAT CLEARLY ESTABLISHED THAT THE ALLEGED VICTIM WAS LYING.

ECF Dkt. #6, Ex. 31.  On October 26, 2007, the state filed a response brief.  ECF Dkt. #6, Ex. 32.

On December 31, 2007, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question.  ECF Dkt.#6, Ex. 33.

     **F.**     **28 U.S.C. § 2254 Petition**

On November 8, 2009, Petitioner filed the instant petition for a writ of habeas corpus.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner has raised the following grounds for relief:

GROUND ONE:     Petitioner's right to a fair trial and due process were violated by the trial court refusing to grant a mistrial when the prosecutor directly commented on petitioner's failure to testify.

Supporting Facts:     During closing arguments, the prosecutor repeatedly pointed at Petitioner stating to the jury that "Not one person has taken the stand and said this did not happen.  Not one." and ". . . look at the testimony you didn't hear.  No one took the stand and said this isn't true."

GROUND TWO:     Petitioner was deprived of due process and compulsory process by exclusion of his alibi witness by the trial court.

Supporting Facts:     Petitioner's alibi witness had been recalcitrant and only agreed to testify on the first day of trial.  despite no showing of prejudice from the prosecutor and the acknowledgement [sic] of a lack of bad faith by the defense,  the trial court used a state rule to deprive Petitioner of this witness and the exclusion of such exculpatory evidence.

GROUND THREE:     Petitioner was deprived of effective assistance of counsel at trial and on appeal.

Supporting Facts:     Appointed appellate counsel failed to present an argument on appeal regarding trial counsel's failure to timely file a notice of alibi which resulted in petitioner's wrongful conviction because the trial court disallowed the testimony due to lack of timely notice. Trial counsel affected the trial, appellate counsel should have argued this on appeal, adversely affecting appeal.

GROUND FOUR:     Petitioner was deprived of due process of law as well as notice and opportunity to be heard and trial by jury by the excession [sic] of the statutory maximum sentence and resentencing after remand.

Supporting Facts:     Petitioner's unlawful sentence was reversed on initial direct appeal.  The resentencing served to exceed the statutory maximum sentence of three years concurrent; based on the ex post facto effect of a court decision issued subsequent to the date the alleged conduct occurred giving rise to the sentence,

-7-

which purports to expand the statutory maximum sentence into
a "sentencing range" and octuple the actual maximum.

ECF Dkt. #1.  On January 6, 2009, Petitioner filed a brief on the merits.  ECF Dkt. #3.  On April 12, 2010, Respondent filed a return of writ.  ECF Dkt. #6.  On May 17, 2010, Petitioner filed a traverse. ECF Dkt. #8.

**III.     PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The AEDPA statute of limitations is not an issue in this case.  *See* ECF Dkt. ## 1,3, 6, 8. Respondent contends, however, that some of Petitioner's claims are procedurally defaulted.  ECF Dkt. #6 at  8.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1)   whether the petitioner failed to comply with an applicable state procedural rule;

(2)   whether the state courts actually enforced the state procedural sanction;

(3)   whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)   if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138. Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV.   STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he  is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1)   resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court]

-10-

precedent;' or

3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore,

-11-

a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.      ANALYSIS

### A.      Procedural Default Analysis

Respondent contends that Grounds Two, Three (insofar as it states and ineffective assistance of trial counsel claim), and Four are procedurally defaulted because Petitioner never fairly presented those claims as federal constitutional issues to the state courts. ECF Dkt. #6 at 11-16.

#### i.      Ground Two

In Ground Two, Petitioner contends that he was deprived due process and compulsory process by the exclusion of his alibi witness. ECF Dkt. #1. When he argued this claim to the state court, he contended that the day before witness alibi witness was to testify, the prosecutor sought exclusion. ECF Dkt. #6, Ex. 11 at 10, Ex. 15 at 10. Petitioner argued that the trial court improperly applied Ohio Rule of Criminal Procedure 12.1 when it excluded the alibi testimony. *Id*.

In the context of considering exhaustion of remedies, the Sixth Circuit has held that in order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848-49 (1999) (acknowledging the close relationship between the exhaustion requirement and procedural default; ultimately holding that Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial

of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

In the instant petition, Petitioner contends that he was denied the right to a fair trial and the right to a compulsory process. "The due process rights of an accused have been adequately protected if he has been given the opportunity to present his defense, to cross examine witnesses and to present testimony." *Allen v. Morris*, 845 F.2d 610, 615 (6th Cir. 1988). "The Compulsory Process Clause grants a criminal defendant the right to call witnesses that are 'material and favorable to his defense.' " *Wong v. Money*, 142 F.3d 313, 324-25 (6th Cir. 1998) quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). "However, 'a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions.' " *Id*. citing *United States v. Scheffer*, 523 U.S. 303, 308 (1998). "In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id*. at 325 quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). "[E]videntiary rules do not abridge the right of an accused to present a defense 'so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *Id*. quoting *Scheffer*, 523 U.S. at 308. "[T]he [Supreme] Court pointed out that it has 'found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.' " *Id*.

Petitioner now contends that "A claim of the denial of a witness is, of necessity, a compulsory process case, no matter how it is labelled [sic]." ECF Dkt. #6 at 2. The undersigned disagrees because Petitioner clearly labeled the claim as an error of evidentiary law in the Sixth District Court of Appeals (ECF Dkt. #6, Ex. 11 at 9); he cited only Ohio law (*Id*.); and he ultimately contended that the trial court erred in applying a state procedural rule (*Id*. at 10). He did not contend that the trial court's error deprived him of any federal constitutional right. Further, he did not argue or demonstrate that a deprivation of his federal right to due process resulted from an exclusion of his

-13-

alibi witness.  Therefore, he did not allege facts within the mainstream of federal constitutional law.  *See Wong*, 142 F.3d at 325, *discussed supra* (exclusion of evidence is arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused).

The undersigned will conduct the four-step *Maupin* analysis to determine if this claim is procedurally defaulted.  First, it is clear that Petitioner did not comply with Ohio's doctrine of res judicata.  In Ohio, "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."  *State v. Ketterer,* 935 N.E.2d 9, 21 (Ohio 2010) citing *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967); *State v. Williams*, 51 Ohio St.2d 112, 117-118 (Ohio 1977) ("It is an established rule of long standing in this state that a criminal constitutional question cannot be raised in the Supreme Court unless it is presented and urged in the court below."); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) ("Ohio courts have set forth a default rule barring consideration of claims that should have been raised on direct appeal.").  As noted above, Petitioner did not fairly present his federal claim during his first opportunity to do so on direct appeal.  Petitioner did cite federal law in his direct appeal to the Supreme Court of Ohio.  *See* ECF Dkt. #6, Ex. 15 at 11 citing *Taylor v. Illinois*, 484 U.S. 400 (1988).  Although *Taylor* addressed the Compulsory Process Clause, Petitioner failed to cite that case or address that issue at his first opportunity on direct appeal. Given this fact, and the foregoing analysis set forth in the this Report and Recommendation, the undersigned recommends that the Court find the first prong of *Maupin* to be satisfied.

The second prong of *Maupin*; however, is not satisfied.  The Supreme Court of Ohio did not explicitly invoke res judicata.  ECF Dkt. #6, Ex. 17.  On review of the jurisdictional memoranda, the Supreme Court of Ohio determined that Petitioner's case did not present a substantial constitutional question.  *Id*.  This determination could require an assessment of the merits of the claims presented.

The Sixth Circuit has held that "we assume that the state court would have enforced any applicable procedural bar."  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  However, that presumption applies when there are no state court decisions rejecting the claim at issue.  *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996) citing *Ylst*, 501 U.S. at 803( "[w]here there has been one

-14-

reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the *same ground*.")(emphasis added).  This case presents a different scenario because the claims presented to the intermediate and highest court were different.  The intermediate appellate court considered Petitioner's claim of a denial of an alibi witness and the court did not invoke a procedural bar.  Thereafter, Petitioner added a federal constitutional claim and the Supreme Court of Ohio issued an unreasoned decision without invoking a procedural bar.  The Sixth Circuit has required clear invocation of a procedural bar:

> [P]ursuant to *Maupin*. . ., whether the petitioner actually failed to comply with a procedural rule is only the predicate, not the ultimate, question before us. The ultimate legal questions are whether the court relied on and expressly invoked that procedural bar and whether it is an "independent and adequate" ground for precluding review. *See Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir.2001). If a state court is slurring its words, our job is not to guess what it might be saying, but rather to demand that it enunciate more clearly.

*Abela v. Martin*, 380 F.3d 915, 924 (6th Cir. 2004); *but see Mathews v. Konteh*, No. 06-CV-3028, 2010 WL 750133, *6 (N.D. Ohio Mar. 1, 2010), unreported ("Here, the Ohio Supreme Court's generic denial of right to appeal is standard language and did not address, even in a summary fashion, the merits of the Petitioner's federal claims. The Court will, therefore, not read it as indicating that the Ohio Supreme Court disregarded its own procedural bars. ") (footnote omitted)[1].  Since neither the Ohio Court of Appeals nor the Supreme Court of Ohio clearly invoked a procedural bar, the undersigned recommends that the Court find that Ground Two is not procedurally defaulted.

### ii.    Ground Three

In Ground Three Petitioner states a claim of ineffective assistance of trial counsel and a claim of ineffective assistance of appellate counsel.  ECF Dkt. #1.  Respondent contends that his claim of ineffective assistance of trial counsel is procedurally defaulted because he never presented it on direct review.  ECF Dkt. #6 at 12.  The undersigned agrees because Petitioner did not raise the claim

---

[1]     Although the *Mathews* court considered the exact same language used in a Supreme Court of Ohio decision as was used here, the case is distinguishable because the *Mathews* court noted that "The Petitioner . . . *never* framed the issue as a constitutional due process violation on direct appeal, under either federal or state law."  *Mathews*, 2010 WL 750133 at *5 (emphasis added).  In this case, Petitioner did present a constitutional claim on direct appeal to the Supreme Court of Ohio.

-15-

on direct appeal and his Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

The appellate court never invoked res judicata with respect to Petitioner's claim of ineffective assistance of trial counsel (*see* ECF Dkt. #6, Ex. 29); however, Petitioner presented the claim only as basis for his ineffective assistance of appellate counsel claim. He never properly presented a stand alone ineffective assistance of trial counsel claim for the Ohio courts' review. Thus, the state courts never had an opportunity to pass on the merits of the issue or to enforce a procedural bar. His failure to ever present a stand alone ineffective assistance of trial counsel claim to the state courts results in a procedural default of that claim. *Landrum v. Mitchell*, ___ F.3d ___, 2010 4352213 (Nov. 4, 2010), *slip op.* at *10. ("When the petitioner has failed to present the grounds to the state courts and has exhausted his claims because no state remedy remains available, his grounds are procedurally defaulted.").

The Court must determine whether cause and prejudice exist. Petitioner has failed to establish cause. He contends that cause is established by ineffective assistance of appellate counsel. ECF Dkt. #8 at 4.[2]  It is true that "[i]neffective assistance of counsel ... is cause for a procedural default." *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006) quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *but see Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) ("Not just any deficiency in counsel's performance will do ...; the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." (citation omitted)) (emphasis in original). Further, a petitioner need not meet the AEDPA standard with respect to claim ineffective assistance for the purpose of establishing cause. *Joseph*, 469 F.3d at 459 citing *Fischetti v. Johnson*, 384 F.3d 140, 154-55 (3d Cir.2004). This is because "AEDPA authorizes the writ of habeas corpus to be granted only for

---

[2]     Notably, Petitioner's habeas claim raises only one of the purported bases for his claim of ineffective assistance of trial counsel in his 26(B) application. The instant petition addresses only a purported error on the part of trial counsel for a failure to file a timely notice of alibi. *Compare* ECF Dkt. ##1, 3 at 4-6 *with* ECF Dkt. #6, Ex. 27 at i.

clearly erroneous applications of Supreme Court case decisions. . . But AEDPA does not establish a statutory high hurdle for the issue of cause. " *Fischetti*, 384 F.3d at 154-55.  Although Petitioner does not have to meet the AEDPA standard to establish cause, he must still demonstrate "actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Here, Petitioner has not made a showing that appellate counsel failed to present meritorious claims.  It must be remembered that appellate counsel is not ineffective if he or she fails to raise every nonfrivolous claim on direct appeal.  *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). The process of "winnowing out weaker arguments on appeal" is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting Barnes, 463 U.S. at 751-52, 103 S.Ct. 3308). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986).

Petitioner has not met this burden.  He has not demonstrated that the foregone claims were stronger than those presented.  Specifically, Petitioner argues in Ground Three that appellate counsel failed to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to file a timely notice of alibi.

Appellate counsel's choice to forego this claim did not constitute deficient performance. Ohio Rule of Criminal Procedure 12.1 requires a defendant to provide seven days' notice prior to trial of his intent to claim alibi.  Ohio R. Crim. P. 12.1.  Rule 12.1 further provides that "If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted."  *Id*.  In this case, the alibi witness came forward just two days before

-17-

trial. ECF Dkt. #6, Ex. 13 at ¶14[3].  Therefore, it cannot be said that trial counsel's actions were not reasonable.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) ("the relevant question is not whether counsel's choices were strategic, but whether they were reasonable").

Petitioner has not demonstrated that a reasonable attorney would have acted any differently when confronted with the alibi witness two days prior to trial.  And he has not shown that a reasonable attorney would have uncovered the alibi on an independent investigation early enough to file a timely notice under Ohio Rule of Criminal Procedure 12.1.  *See Wiggins v. Smith*, 539 U.S. 510, 527 (2003) ("In assessing the reasonableness of an attorney's investigation, however, a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further.").  For example, Petitioner has not demonstrated to this Court that trial counsel, or any reasonable attorney for that matter, had any reason to investigate his purported alibi.  *See* ECF Dkt. ## 1, 3, 8.  Petitioner contends that the alibi witness initially declined to testify.  ECF Dkt. #3 at 3.  However, Petitioner makes this assertion without any evidentiary support, and most importantly fails to demonstrate when counsel first became aware of the witness and the potential alibi.  He further contends that trial counsel should have filed a notice of alibi despite the uncertainty as to whether the witness would actually testify.  ECF Dkt. #3 at 5.  The Court should not second guess trial counsel's tactical decision where Petitioner has not presented all of the evidence known to trial counsel at the time his decision was made.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").  Where, as here, the circumstances surrounding counsel's challenged conduct are unknown to the Court, Petitioner's claim must fail.  Petitioner has not presented evidence pertaining to the substance of any communications between the witness and counsel or when those communications occurred.      Since Petitioner has not demonstrated the merits

---

[3]    Defense counsel stated on July 6, 2005 that the witness came forward "two days ago."  Tr. at 298. The trial started on July 5, 2005.  *See* Tr. Vol. I.  Thus, it appears that the witness came forward only one day prior to trial.

-18-

of his underlying ineffective assistance of trial counsel claim, he has failed to demonstrate that appellate counsel acted unreasonably in foregoing the claim on appeal. He has also failed to demonstrate that appellate counsel's representation caused any actual prejudice. Therefore, the undersigned recommends that the Court find cause and prejudice lacking with respect to Ground Three insofar as it relates to Petitioner's claim of ineffective assistance of trial counsel.

Petitioner also contends that the alibi witness conclusive establishes his actual innocence. ECF Dkt. #8 at 8. A narrow exception to the general procedural default rule exists when a habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). The Southern District of Ohio has aptly summarized the burden for establishing actual innocence:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. **To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."** *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "**To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence**-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Medina v. Wolfe*, No. 2:06-CV-921, 2007 WL 2323381 at *9, slip op. (S.D. Ohio Aug. 9, 2007) (emphasis added). This Court and other jurisdictions have held that evidence that was available at the time of trial cannot be considered in ruling upon a claim of actual innocence. *See Rickard v. Wolfe*, No. 3:06-CV-2753, 2007 WL 4526522, *slip op*. at *6, *15 (N.D. Ohio Dec. 17, 2007); *Leggett v. U.S.*, Nos. 1:05CV732, 1:92CR233, 2006 WL 3091316, *slip op*. at *2 (N.D. Ohio Oct. 27, 2006); *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004); *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir.2005) ("Evidence is only new [for actual innocence purposes] if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.") (internal quotations

-19-

omitted); *Cooper v. Brown*, 510 F.3d 870, 969-70 (9th Cir. 2007).

Here, Petitioner contends that the alibi witness conclusively establishes that he could not have committed two of the four charged offenses. ECF Dkt. #8 at 8. Petitioner has not offered new reliable evidence to support his claim. He has not offered any evidence whatsoever. Instead he offers a characterization of what the alibi witness' testimony would have been. *Id*. The Western District of Michigan considered a similar situation, where a petitioner contended that alibi witnesses could testify on his behalf. *Browning v. Howes*, 2010 WL 2010872 at *1-*2 (W.D.Mich.May 18, 2010). The *Browning* court determined that the petitioner's claim of actual innocence failed because he did not support it with affidavits or other statements by either witness. *Id*.; *see also Hamilton v. Scutt*, 2010 WL 2231904 at *8 (E.D.Mich. June 3, 2010) ("Petitioner would be unable to use these purported alibi witnesses to support his claim of actual innocence, because he has offered no affidavits from these witnesses which would establish what their proposed testimony would be and whether they would be willing to testify on his behalf."). Therefore, the undersigned recommends that the Court find Petitioner's failure to support his assertion with affidavits, statements, or any form of evidence is detrimental to his claim of actual innocence.

For the foregoing reasons, the undersigned recommends that Court dismiss Ground Three insofar as it states a stand alone ineffective assistance of trial counsel claim.

### iii. Ground Four

In Ground Four, Petitioner contends that he was denied due process of law as well as notice and opportunity to be heard and trial by jury when the trial court exceeded the statutory maximum sentence on resentencing. ECF Dkt. #1. Respondent contends this claim is procedurally defaulted because Petitioner failed to present the claim to Ohio's highest court. ECF Dkt. #6 at 13.

It is clear that the first prong of *Maupin* is satisfied. Petitioner concedes that he failed to present this claim to the Supreme Court of Ohio in a timely manner. ECF Dkt. #8 at 5. The second prong of *Maupin* is satisfied because the Supreme Court of Ohio denied Petitioner's motion for leave to file a delayed appeal. ECF Dkt. #6 at 14 citing Ex. 26. The third prong of *Maupin* is satisfied

because an entry by the Supreme Court of Ohio denying a defendant's motion for leave to file a delayed appeal constitutes a sufficient to bar federal court review of a habeas corpus claim. *Bonilla*, 370 F.3d at 497. Petitioner contends that *Bonilla* is not controlling in light of a more recent Sixth Circuit decision, *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004). The Southern District of Ohio has considered and rejected this argument:

> Petitioner also asserts that the Ohio Supreme Court's requirement of good cause for delayed appeal "is essentially meaningless because the rule, as written and applied, allowed unfettered discretion with no guidelines as to what does or does not constitute good cause for delay and is therefore not an adequate or independent state ground to bar habeas review." Reply at 5, citing *Deitz v. Money*, 391 F.3d 804 (6th Cir.2004). However, *Deitz* applies only to delayed appeals to the intermediate courts of appeals under Ohio R.App. P. 5. The Sixth Circuit has expressly held that the 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir.2004).FN2
>
> > FN2. The language in Ohio App. R. 5 and that in the Ohio Supreme Court Rules about delayed appeal is admittedly very similar. Both *Bonilla* and *Deitz* are published opinions of the Sixth Circuit binding on this Court. When a trial court is faced with two precedents whose logic seems in conflict, it must narrowly construe the holdings of the two cases so as to respect both precedents, if possible.

*Carr v. Warden, Lebanon Correctional Institution*, 2008 WL 4506127 at *8 (S.D.Ohio Oct. 2, 2008), unreported; *see also Smith v. Warden, Lebanon Correctional Institution*, 2007 WL 2080466 at *1 (S.D.Ohio June 13, 2007), unreported ("This Court has no authority to reconsider *Bonilla* in light of *Dietz*."). The undersigned finds the foregoing analysis to be compelling. Therefore, the undersigned recommends that the Court apply *Bonilla* and find the third prong of *Maupin* to be satisfied.

Lastly, the Court must consider cause and prejudice. Here, Petitioner contends that he was deprived notice that his appeal had been decided. ECF Dkt. #1 at 11. He contends that he only found out by "excessive due diligence searching law library computer for decision, delayed appeal in Ohio Supreme Court arbitrarily denied." *Id*. Petitioner relies upon *Hartman v. Bagley*, 492 F.3d 347 (6th Cir. 2007) for support. Respondent contends that *Hartman* is distinguishable because the petitioner in that case supported his argument with the docket from his case and an affidavit from a prison employee stating that no legal mail was received during the relevant time period. ECF Dkt. #6 at 14. Petitioner contends that a review of the delayed appeal process in the Supreme Court of

-21-

Ohio demonstrates that this argument is erroneous.  ECF Dkt. #8 at 6-7.

Aside from whether Petitioner properly complied with state procedure or not, he has failed to demonstrate *to this Court* cause for his default.  Irrespective of the State of Ohio's requirements, Petitioner has a burden of establishing "a substantial reason [for the default] that is external to himself and cannot be fairly attributed to him." *Hartman*, 492 F.3d at 358.  Although Petitioner claims that he did not receive notice of the appellate court's decision, his claim lacks any evidentiary support.  It is immaterial that Petitioner contends his assertion is "unopposed and unchallenged by respondent" (*see* ECF Dkt. #8 at 7) because Petitioner has failed to meet *his burden*.

The contrast between *Hartman* and the instant case is apparent upon a review of the docket.  In *Hartman*, the docket reflected that the appellate court's order was sent only to the petitioner, and the petitioner in that case presented an affidavit from a prison employee stating that the petitioner received no mail during the pertinent time period.  *Hartman*, 492 F.3d at 358.  The facts in *Hartman* easily lead to the conclusion that the petitioner did not receive the notice of appeal.  Here, the docket reflects that the appellate court's decision was mailed to attorneys of record.  ECF Dkt. #6, Ex. 36 (entry for 3/31/2009); *see also* ECF Dkt. #6, Ex. 23 (as to date of appellate court's decision).  Petitioner has not established any evidence pertaining to what his attorney actually received.  "Under the common law mailbox rule, the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." *Aetna Life Ins. Co. v. Montgomery*, 286 F.Supp.2d 832, 839 (E.D.Mich.,2003); *see also In re Yoder Co.,* 758 F.2d 1114, 1118 (6th Cir. 1985) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee."). "If the sender shows enough evidence to raise the presumption, then the other party bears the burden of showing that the document never arrived. Merely stating that the document is not in the addressee's files or records . . . is insufficient to defeat the presumption of receipt." *Id.* (internal citation omitted).  The docket in this case provides appellate counsel's address.  ECF Dkt. #6, Ex. 36.  Petitioner has provided no evidence to show that the address listed for his attorney is incorrect.  In light of the March 31, 2009 docket entry, the Court should presume that Petitioner's attorney received the appellate court's March 31, 2009 ruling.  ECF

Dkt. #6, Ex. 36.

It is *Petitioner's burden* to prove that his attorney failed to forward the appellate court's March 31, 2009 ruling. *Hartman*, 492 F.3d at 358. Unlike the petitioner in *Hartman*, Petitioner has presented *no evidence* to *this Court* to establish cause for his default. His attempt to distinguish *Hartman* is unfounded and his claim of cause lacks evidentiary support. The only evidence of record indicates that he did receive notice of the judgment. He has failed to present any evidence to the contrary. In addition, the undersigned notes that federal habeas courts invoke a "strong presumption that attorneys have provided effective assistance." *See Lovell v. Duffey*, ___ F.3d ___, 2011 WL 31418 at *10 (6th Cir. Jan 6, 2011) slip op. Thus, the Court should presume that appellate counsel performed her duty and mailed the notice to Petitioner. Accordingly, the Court should find cause lacking with respect to Ground Four.

As noted above, Petitioner has not demonstrated that he is entitled to review of his claim based upon a showing of actual innocence.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Four in its entirety with prejudice.

**B.    Merits**

      **i.    Ground One**

In Ground One, Petitioner contends that he was denied the right to a fair trial and due process when the trial court refused to grant a mistrial after the prosecutor directly commented on his failure to testify. ECF Dkt. #1.

The Supreme Court of the United States has held that "the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). Further, the Supreme Court has noted the prosecution may not "suggest that the defendant [has] the burden of proof or any obligation to produce evidence to prove his innocence." *U.S. v. Clark*, 982

-23-

F.2d 965, 969 (1993).  Nevertheless, "a prosecutor is entitled to comment on a defendant's failure to call witnesses to contradict the government's case."  *Id*.

When considering a claim that a prosecutor improperly commented on a petitioner's silence, the Court must consider the following questions:

(1)  Did the prosecutor "manifestly intend[ ]" to comment on the defendant's Fifth Amendment right or would a jury "naturally and necessarily" interpret the remark that way;

(2)  was it an isolated occurrence or part of an extensive pattern;

(3)  how strong was the prosecution's other evidence; and

(4)  did the judge give a curative instruction?

*Webb v. Mitchell*, 586 F.3d 383, 396 (6th Cir. 2009).

Here, Petitioner contends that the prosecutor improperly pointed at him during closing arguments and claimed that no one took the stand to rebut the state's case.  Insofar as Petitioner contends that the prosecutor improperly pointed at him, the undersigned notes that Petitioner presents no evidence in support of his argument, the record does not support his claim, and the appellate court found that there was no indication in the record that the prosecutor pointed at Petitioner.  ECF Dkt. #6, Ex. 29 at 5.  Therefore, this claim lacks merit.

Petitioner also makes reference to the prosecutor's verbal statements during closing arguments.  ECF Dkt. #1.  He contends that the prosecutor improperly argued that "Not one person has taken the stand and said this did not happen.  Not one."  (Tr. at 322) and ". . . look at the testimony you didn't hear.  No one took the stand and said this isn't true."  (Tr. at 328).  ECF Dkt. #1 at 5.  The appellate court determined that these comments were "in the nature of a comment upon the relative strength of the state's case, which included the fact that the state's case had not been rebutted."  ECF Dkt. #6, Ex. 13 at ¶58.

Respondent contends that these statements are not improper.  ECF Dkt. #6 at 19.  Further, the appellate court held that they were not improper.  ECF Dkt. #6, Ex. 13 at ¶57-58.  This Court

must determine whether the appellate court's determination constituted an unreasonable application of clearly established federal law. Here, the appellate court stated that "[t]he test for prosecutorial misconduct in an alleged reference to a defendant's failure to testify is 'whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' " *Id.* In so doing, the appellate court identified the appropriate standard, which is prong one of *Webb*, above.

The appellate court went on to determine that the prosecutor's comments were not intended or of such a character that the jury would necessarily construe them as comments on Petitioner's choice not to testify. ECF Dkt. #6, Ex. 13 at ¶58. Instead, the court concluded that the comments were based upon the relative strength of the state's case, including the fact that it had not been rebutted. *Id.* The Court must determine whether this analysis involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The undersigned recommends that the Court find that the state appellate court's analysis was not unreasonable.

With respect to intent, Petitioner has offered no evidence to indicate that the prosecutor manifestly intended to comment on his silence. Further a review of the transcript does not establish that the appellate court unreasonably concluded that the prosecutor's statements were not intentional.

Turning to the second portion of the first *Webb* prong, the analysis becomes slightly more involved. "Determining whether the jury would 'necessarily construe[ ]' a comment as one on 'a defendant's failure to testify requires a probing analysis of the context of the comment, and the likely effect of the district court's curative instruction, if any.' " *U.S. v. Wells*, 623 F.3d 332, 338-39 (6th Cir. 2010) quoting *United States v. Robinson*, 651 F.2d 1188, 1197 (6th Cir.1981). One district court has noted "almost always the only persons present at a rape are the victim and the assailant and that the victim will be the prosecution's most important witness." *U.S. v. Rosetta*, 127 F.3d 1110, 1997 WL 651027 at *3 (C.A.10 Oct. 20, 1997). Nevertheless, other evidence, *aside from the defendant's testimony*, may be available to rebut that "most important witness' "testimony. This evidence may come in the form of a third party's report of an inconsistent statement made by the alleged victim,

testimony by an alibi witness, and medical/forensic evidence.

In this particular case, a nurse midwife testified that she examined one of the victims and found her hymen was not intact.  ECF Dkt. #6, Ex. 13 at ¶13.  However, on cross examination, she conceded that this condition can result from causes other than sexual intercourse.  *Id*.  The nurse midwife's cross examination testimony exemplifies one way that the alleged victim's testimony can be rebutted without the defendant testifying.  Therefore, the undersigned recommends that the Court find that the state appellate court did not unreasonably apply federal law in concluding that the prosecutor's testimony was not naturally and necessarily a comment that the jury would take on the Petitioner's failure to testify.

Additionally, the appellate court properly noted that the trial court instructed the jury that it could not consider Petitioner's failure to testify for any purpose.  ECF Dkt. #6, Ex. 13 at ¶¶59-60. Therefore, any error by the prosecutor was properly and promptly cured by the trial court.

Given that the appellate court did not act unreasonably in determining that the prosecutor's statements were not improper, the undersigned recommends that the Court DISMISS Ground One in its entirety with prejudice.  *See Girts v. Yanai*, 501 F.3d 743, 758-59 (6th Cir. 2007) (habeas relief is not available unless statement is improper) citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir.2001).

Should the Court find it necessary to consider the other prongs of the *Webb* test, the undersigned notes that the statements by the prosecutor were isolated and brief.  The judge gave a curative instruction.  And lastly, the strength of the evidence factor seems to weigh evenly since it mostly hinges upon the credibility of the victims and Ground One challenges the propriety of the manner in which the prosecutor advocated their credibility.  It is worth noting, however, that the nurse midwife and Janice K. corroborated some of the other testimony.  ECF Dkt. #6, Ex. 13 at ¶¶8-13.  Considering all of the factors together; a weak showing, at best, of an improper statement; isolated and brief conduct; curative instructions; and evenly weighed evidence, the undersigned recommends that the Court determine that a full application of the *Webb* factors directs a finding that Ground One lacks merit.  Accordingly, Ground One should be dismissed in its entirety with

prejudice.

### ii.     Ground Two

As noted above, Petitioner contends that the trial court denied him due process and compulsory process by excluding his alibi witness.  For the Court's convenience, the undersigned reiterates the pertinent law from above:

> "The due process rights of an accused have been adequately protected if he has been given the opportunity to present his defense, to cross examine witnesses and to present testimony." *Allen v. Morris*, 845 F.2d 610, 615 (6th Cir. 1988).  "The Compulsory Process Clause grants a criminal defendant the right to call witnesses that are 'material and favorable to his defense.' " *Wong v. Money*, 142 F.3d 313, 324-25 (6th Cir. 1998) quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).  "However, 'a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions.' " *Id*. citing *United States v. Scheffer*, 523 U.S. 303, 308 (1998).  "In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id*. at 325 quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).  "[E]videntiary rules do not abridge the right of an accused to present a defense 'so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *Id*. quoting *Scheffer*, 523 U.S. at 308.  "[T]he [Supreme] Court pointed out that it has 'found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.' " *Id*.

Here, the appellate court determined that Petitioner failed to comply with a state procedural rule.  ECF Dkt. #6, Ex. 13 at ¶32.  The appellate court's decision fits squarely within the United States Supreme Court precedents outlined above.  Petitioner has not demonstrated why he should have been entitled to present his alibi witness despite his failure to comply with state procedural rules.  Further, the Sixth Circuit considered a situation in *Bell v. Jackson*, where a federal habeas petitioner had failed to comply with state alibi-notice procedure.  379 Fed. Appx. 440, 2010 WL 2161821 at **7 (6th Cir. May 28, 2010) unreported.  In *Bell*, the court held that:

> Because Bell cannot show that the trial court improperly interpreted this state law, his effort to claim a *federal* constitutional violation on the basis of this alleged misinterpretation of state law does not get off the ground. A criminal defendant's right to present evidence is not absolute. It may "bow to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (internal quotation marks omitted). In this instance, "[t]he State's interest in the orderly conduct of a criminal trial" "justif[ies] the imposition and enforcement of ... rules relating to the identification and presentation of evidence." *Taylor v. Illinois*, 484 U.S. 400, 411, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Bell does not offer any federal precedent to the contrary. No

-27-

constitutional violation occurred.

*Bell*, 2010 WL 2161821 at **7 (emphasis in original).  Likewise, here Petitioner has not demonstrated an error of state law or a federal constitutional violation.  Thus, the undersigned recommends that the Court DISMISS Ground Two in its entirety with prejudice.

### iii.    Ground Three

Petitioner's ineffective assistance of appellate counsel claim is based upon appellate counsel's purported failure to argue that trial counsel failed to file a timely notice of alibi.  ECF Dkt. #1.  A defendant is entitled to the effective assistance of counsel in his first appeal of right.  *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004).  A claim of ineffective assistance of appellate counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which is the same standard governing the review of a claim for the ineffective assistance of trial counsel.  Hence, in order to prevail on his claims, Petitioner must show that appellate counsel deficiently performed and "the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable."  *Mapes*, 388 F.3d at 191, citing Strickland, 466 U.S. at 687.  In order to establish deficient performance, a petitioner must show that counsel's performance fell below an objective standard of reasonable representation.  *Id.* at 688.  In *Mapes v. Coyle*, 171 F.3d 408, 427- 28 (6th Cir.), cert. denied, 528 U.S. 946, 120 S.Ct. 369, 145 L.Ed.2d 284 (1999), the Sixth Circuit Court of Appeals listed eleven questions as matters to be considered in determining whether an attorney on direct appeal acted in accordance with the objective standard of reasonableness in reviewing the deficient performance prong of the ineffective assistance of appellate counsel.  In order to establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case.  *Id.*; *Williams v. Taylor*, 529 U.S. 362, 390-391 (2000).

Moreover, it must be remembered that appellate counsel is not ineffective if he or she fails to raise every nonfrivolous claim on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). The process of " 'winnowing out weaker arguments on appeal' " is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting Barnes, 463 U.S. at 751-52, 103 S.Ct. 3308). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986).

As discussed above, Petitioner's underlying claim of ineffective assistance of trial counsel lacks merit.  Since the alibi witness came forward only two days prior to trial, trial counsel's actions should be considered reasonable.  ECF Dkt. #6, Ex. 13 at ¶14; *see supra* note 3.  Further, Petitioner has failed to show that the state appellate court acted unreasonably in finding that appellate counsel's strategy was not unreasonable.  28 U.S.C. § 2254(d); *see Mooney v. Trombley,* 2007 WL 2331881 at *21 (E.D.Mich., Aug. 13, 2007), unreported ("[E]ven if petitioner were correct that counsel's strategy was unreasonable, that showing alone would be insufficient for habeas relief. Petitioner must also show that the Michigan Court of Appeals's conclusion that counsel's strategy was not unreasonable was itself unreasonable.").  Accordingly, the undersigned recommends that the Court dismiss Ground Three in its entirety with prejudice.

### iv.    Ground Four

Since the undersigned recommends that the Court find Ground Four to be procedurally defaulted, it will not be addressed on the merits.

**VI.     CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE:  January 20, 2011                                    */s/ George J. Limbert*
                                                           GEORGE J. LIMBERT
                                                           UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.  L.R. 72.3(b).